**MARLIN & SALTZMAN**
Stanley D. Saltzman, Esq. (SBN 90058)
Christina A. Humphrey, Esq. (SBN 226326)
Leslie H. Joyner, Esq. (SBN 262705)
29229 Canwood Street, Suite 208
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
chumphrey@marlinsaltzman.com
ljoyner@marlinsaltzman.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

CARLOS BARILLAS, on behalf of himself and others similarly situated,

Plaintiffs,

v.

COMTRAK LOGISTICS, INC.; HUB GROUP TRUCKING INC. dba CALIFORNIA HUB GROUP; dba DOES 1 to 100, Inclusive,

Defendants.

**CASE NO. 5:14-CV-02429-VAP (DTBx)**
(Assigned to the Hon. Virginia A. Phillips)

**CLASS ACTION (FRCP 23)**

**JOINT STIPULATION RE VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

**Defendants' Counsel**

**SEYFARTH SHAW LLP**
Collen M. Regan (SBN 120284)
cregan@seyfarth.com
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
2019 Centuray Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile (310) 201-5219

Plaintiff Carlos Barillas ("Plaintiff") and Defendants Comtrak Logistics, Inc. and Hub Group Trucking Inc. dba California Hub Group ("Defendants") (hereinafter, collectively the "Parties") by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on July 24, 2014, Plaintiff filed a civil complaint in the Superior Court of the State of California which Defendants removed to this Court on November 24, 2014;

WHEREAS, the Complaint alleges that Plaintiff and others similarly situated were improperly characterized as independent contractors rather than employees and alleges causes of action for: (1) failure to pay wages for all time worked at minimum or contractual wage rate in violation of Labor Code §§ 1194 and 1197, (2) failure to pay overtime wages for daily overtime and all time worked in violation of Labor Code §§ 510, 1194 and 1198, (3) failure to pay proper overtime in violation of Labor Code §§ 510 and 1194 by not including bonus pay in calculating overtime wages, (4) failure to provide second meal periods in violation of Labor Code §§ 512 and 226.7, (5) failure to authorize or permit rest periods in violation of Labor Code § 226.7, (6) failure to adequately indemnify employees for employment-related losses/expenditures in violation of Labor Code § 2802, (7) failure to provide complete and accurate wage statements in violation of Labor Code § 226, (8) failure to timely pay all earned wages due at time of separation of employment in violation of Labor Code §§ 201, 202 and 203, and (9) unfair business practices in violation of Business and Professions Code §§ 1 7200, *et seq.*;

WHEREAS, prior to the filing of Plaintiff's complaint herein, on January 25, 2013, Salvador Robles filed a Complaint in the United States District Court for the Eastern District of California (*Robles v. Comtrak Logistics Inc*, 2:13-CV-00161-JAM-AC, ("*Robles*") the Honorable John A. Mendez presiding) alleging that Plaintiff and others similarly situated were improperly characterized as independent contractors rather than employees and alleging causes of action for causes of action for: (1) Declaratory Relief, (2) failure to adequately indemnify employees for employment-related

losses/expenditures in violation of Labor Code § 2802, (3) recovery of unpaid minimum wages; (4) recovery of unpaid wages for time spent driving actual miles; (5) recovery of unpaid wages at the agreed rate; (6) wages below the designated rate for actual miles driven; (7) quantum meruit/unjust enrichment; (8) failure to provide meal periods; (9) failure to provide rest periods; (10) failure to timely furnish accurate itemized wage statements; (11) for waiting time penalties and (12) for violation of California Business And Professions Code § 17200 *et. seq*.

WHEREAS, Plaintiff alleges that he is a putative class member in the *Robles* matter;

WHEREAS, in this case, Defendants have neither answered Plaintiff's Complaint, nor filed a motion for summary judgment;

WHEREAS, on September 23, 2014, counsel of record, Marlin & Saltzman, LLP, in the *Robles* action substituted in as counsel for Plaintiff;

WHEREAS, on December 1, 2014, Defendants filed a Motion to Transfer Venue and Motion to Dismiss;

WHEREAS, the Parties respectfully request that this Court vacate the hearing dates on Defendant's motions;

WHEREAS, on December 15, 2014, Plaintiff provided Plaintiffs' counsel his consent to dismiss this action in its entirety without prejudice;

WHEREAS, each party shall bear their own costs;

NOW THEREFORE, IT IS HEREBY STIPULATED by the parties herein, through their counsel of record and subject to this Court's approval, that the Court now issue an order dismissing this action in its entirety without prejudice.

**IT IS SO STIPULATED.**

//

DATED: December 15, 2014

**MARLIN & SALTZMAN, LLP**

By: /s/ Christina A. Humphrey
Christina A. Humphrey, Esq.
Attorneys for Plaintiff

DATED: December 15, 2014

**SEYFARTH SHAW LLP**

By: /s/
David D. Jacobson Esq.
Attorneys for Defendants